USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P.D.,

                        Plaintiff,

  -against-

ANN MARIE T. SULLIVAN, MD, *in her official capacity*,

                        Defendant.

No. 24-cv-0778 (NSR)

**OPINION & ORDER**

Nelson S. Román, United States District Judge:

    Plaintiff P.D. moves for leave of Court to proceed anonymously in this action. The motion is unopposed. For the following reasons, Plaintiff's motion is DENIED.

## LEGAL STANDARD

    Fed. R. Civ. Pro § 10(a) provides in relevant in part that the caption of a complaint or pleading must name all the parties. This requirement serves the purpose of facilitating public scrutiny of judicial proceedings and should not be set aside lightly. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997)). There are, however, limited exceptions which permit the use of pseudonyms. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (pseudonym permitted to protect the privacy interest of a plaintiff who is a minor).

    In *Sealed Plaintiff*, the Second Circuit adopted the Ninth Circuit's approach regarding the use of pseudonyms and alias in pleadings, namely that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity."

537 F.3d at 189 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). When determining whether to permit a plaintiff to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *Id.*

When undertaking such a balancing test, district courts should consider but are not limited to:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted). While no one factor is dispositive, consideration of such factors assist the court in balancing the competing interest of public scrutiny of judicial proceedings, plaintiff's interest in anonymity, and prejudice to the opposing party. *Id.* Thus, in its analysis, the Court need only consider applicable factors. Additionally, courts have some discretion in the granting of an application to prosecute an action under a pseudonym. *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) ("It is within a court's discretion to allow a plaintiff to proceed anonymously.").

**DISCUSSION**

Plaintiff seeks to proceed anonymously because the action involves "matters of a highly sensitive and personal nature, to wit, medical and mental health records and information." (ECF No. 6, "Pl. Mem." at 1.) The first, fifth, sixth, and seventh factors weigh in favor of granting Plaintiff's motion. There is little question that the instant case involves matters that are highly sensitive and of a personal nature—medical and mental health information are undoubtedly so. Moreover, Plaintiff is suing the Commissioner of the New York State Office of Mental Health in her official capacity (ECF No. 4, "Compl.," ¶ 5), and therefore sues the government rather than a private entity. Furthermore, there is little to no prejudice to Defendant as she has not opposed Plaintiff's request and Plaintiff indicated he would provide his name to Defendant. Finally, Plaintiff's name and identity have been kept confidential from the public to date.

The remaining factors weigh against Plaintiff. As for the second and third factors, Plaintiff argues that his identification "poses a risk of retaliatory physical and mental harm to Plaintiff, and even more critically, to innocent non-parties including his family members." (Pl. Mem. 2.) However, this risk of harm is vague and speculative. Plaintiff points to the combined "stigma" of mental health and Second Amendment rights but fails to elaborate on or provide any evidence of this supposed stigma. Nor does Plaintiff specify the nature of these potential harms. Plaintiff claims this is particularly true "within New York State's hostile anti-Second Amendment environment," and the Court is not entirely sure what Plaintiff means.

Regarding the eight and ninth factors, the Court notes "that there is a general presumption that parties' identities are public information." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *9 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020). As implied by Plaintiff, the Second Amendment has fostered continued debate and

discussion among the public in recent years. Accordingly, there will likely be widespread interest in Plaintiff's suit that challenges provisions of the New York State Mental Hygiene Law ("NY MHL") as unconstitutional under the Second and Fourteenth Amendments. Admittedly, the identities of individuals who sue only the government and raise an abstract question of law may be largely irrelevant to the public's concern with the nature of the process. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). However, while Plaintiff's claims contest the constitutionality of a statute—certainly an abstract question of law—Plaintiff also argues the statute's constitutionality with respect to his specific circumstances. Plaintiff alleges that NY MHL § 9.39 is unconstitutional "*as applied to Plaintiff*." (Compl. ¶ 119.) Accordingly, although the action appears to involve purely legal questions, disputes of fact may arise as the litigation progresses.

Finally, there are alternative mechanisms available to Plaintiff. "A plaintiff's confidentiality can be protected in multiple ways, including redaction of the documents and sealing, seeking a protective order, or entering into a confidentiality agreement." *Doe v. New York State Dep't of Health*, No. 1:20-CV-04817-GHW, 2020 WL 5578308 at *7 (S.D.N.Y. Sept. 17, 2020) (citing *Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019)). Accordingly, with regards to Plaintiff's argument that anonymity will create more transparency (Pl. Mem. at 4), the Court is confident that the parties can find a middle ground where the public has access to all pertinent information without the need for Plaintiff to proceed anonymously. *See Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 ("Redacted and sealed submissions are routinely used in cases involving sensitive medical information.")

The Court notes that Second Circuit courts have routinely denied requests to proceed anonymously in similar circumstances. *See id.* (affirming district court's denial of motion to proceed anonymously by physician whose medical records were revealed); *Doe v. New York State*

*Dep't of Health*, No. 1:20-CV-04817-GHW, 2020 WL 5578308, at *3 (S.D.N.Y. Sept. 17, 2020) ("The fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.") (collecting cases). Upon due consideration of all the relevant factors, the Court determines they weigh against permitting Plaintiff to proceed anonymously. Plaintiff has failed to make a sufficiently strong showing that this action "is an unusual case" and should be treated as an exception to the rule that each party must litigate under their names.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion is DENIED with prejudice. Plaintiff may not proceed anonymously as "P.D." Plaintiff is directed to file an amended complaint captioned with his legal name on or before May 20, 2024. If Plaintiff fails to do so within the time allowed, the action will be dismissed without prejudice. The Clerk of the Court is respectfully directed to terminate the instant motion at ECF No. 6.

Dated: April 22, 2024  
      White Plains, NY

                                                     Hon. Nelson S. Román  
                                                     US District Court, S.D.N.Y.