UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER DEFILIPPIS,

                     Plaintiffs,

      v.

ANN MARIE T. SULLIVAN, MD, in her official capacity,

                     Defendant.

**CONFIDENTIALITY STIPULATION AND ORDER**

Docket No. 24 Civ. 778 (NSR)(VR)

WHEREAS, the parties to the above-captioned action anticipate discovery will include information which is sensitive, confidential, and/or personal in nature;

WHEREAS, the parties have agreed to protect such information from use in any other litigation or for any other purpose other than that listed, and any interpretation of this Confidentiality Stipulation and Order to the contrary is rejected by the parties; and

WHEREAS, the Court has found good cause exists for issuance of an appropriately tailored confidentiality order governing discovery in this action,

IT IS THEREFORE HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties as follows:

1. "Confidential Information" shall mean documents and information that may, during the pendency of this litigation, be designated as confidential by any party, except that such documents and information shall not be deemed Confidential Information to the extent, and only to the extent, that they are: (a) obtained by a party from a source other than the opposing party or (b) are otherwise publicly available. Such Confidential Information shall include but not be limited to: (a) law enforcement handbooks, manuals, regulations, policies, procedures, and protocols; (b) police incident reports, 9-11 or other emergency call and response reports, notes, recordings,

generated by a law enforcement agency, or any other reports that contain caller, witness, victim, emergency/police response, arrest, or prosecution information; (c) documents the parties agree are subject to this Stipulation; and (d) documents the Court directs to be produced subject to this Stipulation. Nothing in this Stipulation shall prevent the parties from redacting or withholding documents that are non-responsive, or unrelated to the claims or defenses in this case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

2. The parties shall designate in good faith particular documents or any part of them as Confidential Information by labeling (i.e. stamping or marking) such documents CONFIDENTIAL or by designating such documents by Bates/page number in writing and directed to counsel for the non-disclosing party. When a party designates a document or any part thereof as CONFIDENTIAL, that party must identify the basis for said marking citing to a specific section of a Code, Rule, Statute or Case.

3. The designation of Confidential Information may be removed from documents or information only with the express written consent of the disclosing party.

4. The parties shall have a reasonable time in which to inspect and designate as Confidential Information documents sought by subpoena from third parties, and such documents, if produced to the requesting party, shall be treated as Confidential Information during such period. The parties have the right to designate any documents as Confidential Information under this Stipulation, if necessary, after production of such documents.

5. Nothing in this Confidentiality Stipulation and Order shall prevent or preclude the disclosing party from using Confidential Information it disclosed in any manner whatsoever.

6. If a party objects to the designation of particular documents or information as Confidential Information, counsel for such party shall state such objection in writing within

fourteen (14) days of the receipt of such designated document or information, and the parties shall endeavor in good faith to resolve the objection. If such objection cannot be resolved, then the objecting party shall, within twenty-one (21) days of raising the objection, move for an order challenging the designation of the materials as Confidential Information. The parties agree to maintain the materials that are the subject of the objection as Confidential Information until such time as a ruling is obtained from the Court and the time for appeal of such ruling has been exhausted.

7. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as CONFIDENTIAL at a later date.

8. Nothing in this Confidentiality Stipulation and Order shall prevent or preclude the disclosing party from using Confidential Information it disclosed in any manner whatsoever.

9. Nothing in this Order shall preclude any party or its representatives from discussing with any other person the progress, theories, or legal strategies applicable in this action, as long as the contents of the Confidential Information are not disclosed. Other than by Court Order, Confidential Information may be disclosed only in accordance with this Order.

10. Confidential Information within the meaning of this Order shall be used or disclosed solely in this action and in accordance with the provisions of this Order, and Confidential Information shall not be used in any other litigation, for any other purpose, or disclosed to any person or entity who is not expressly authorized to review same under the terms and conditions of this Order, without the written consent of the parties, or an order of the Court. The limitation of disclosure of Confidential Information applies to all parties and their counsel in this matter.

11. With the exception of the Court and its supporting personnel or document/exhibit preparation services, Confidential Information shall not be disclosed, except to the following if necessary to the preparation or presentation of a party's case in this litigation:

   a. The named parties in this action;

   b. Representatives of the parties, including their attorneys and their attorneys' staff and independent contractors in connection with the prosecution or defense of this matter;

   c. Experts and consultants (including independent experts) which a party or a party's counsel may employ, retain, or otherwise consult to analyze data, conduct studies, or provide opinions to assist in this litigation, in any way, provided that access to Confidential Information by such experts and consultants shall be limited to information that, in the reasonable opinion of such party or such party's attorney, that reasonably relates to their role as experts or consultants;

   d. Court personnel;

   e. Witnesses in depositions or at trial;

   f. Stenographers used to transcribe depositions conducted in this action; and

   g. Any person whom the designating party agrees in writing may have access to such Confidential Information.

12. In the event a party or a party's attorney discloses Confidential Information or gives access to Confidential Information under paragraph 11 of this Order, he or she must inform the individual of the terms of this Order, as well as the obligations to comply with those terms.

13. Before any disclosure of Confidential Information is made under paragraphs 11(c)

or 11(d) of this Order (other than to a witness at trial), the intended recipient of the Confidential Information must be provided with a copy of this Order, and must consent in writing, in the form attached as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the litigation or settlement of this matter and not to further disclose the Confidential Information, except when giving testimony or providing an expert report. The signed consent form shall be retained by the attorney. With respect to witnesses and experts disclosed in the course of litigation, copies of the signed consent form shall be provided to counsel for the party who provided the relevant Confidential Information.

14. In the event a conflict arises between the parties as to whether Confidential Information may be shown to an individual under the terms of this Order, the Confidential Information will not be shown to that individual until such time as the parties can obtain a ruling from the Court on the issue.

15. Confidential Information may be disclosed to the Court in connection with any filing or proceeding in this action, but the disclosing party shall cause the Confidential Information to be filed under seal, to the extent the Court will accept it as such. The party filing any such Confidential Information shall advise the Court in writing and contemporaneously with the submission or filing that the papers submitted or filed constitute Confidential Information subject to this Order, and request the Court dispose of them in a manner consistent with the protections afforded by this Order. The Confidential Information will remain under seal unless and until the Court directs otherwise.

16. If a deposition or any part or exhibit of the deposition contains or refers to Confidential Information, the transcript of that portion of such testimony, together with any referenced exhibit, shall be prominently designated as Confidential. Any deposition testimony

given in this action or any portion of the deposition, or any deposition exhibits, relating to Confidential Information shall qualify as Confidential Information within the terms of this Order.

17. Upon termination of this action by settlement or by judgment and the expiration of any and all appeals, all parties shall return to counsel for the producing party all Confidential Information received from such party, including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such Confidential Information, the parties may certify to counsel for the producing party that they have destroyed all unreturned Confidential Information.

18. Sealed records which have been filed with the Clerk of the Court shall be removed by the party submitting them (a) within ninety (90) days after the final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after the final disposition of the appeal. Parties failing to comply with this Order shall be notified by the Clerk of the Court that, should they fail to remove the sealed records within the applicable time frame, the Clerk may dispose of them.

19. This Order shall survive the termination of this action and shall continue in full force and effect.

20. This Order does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of this Court. Any such additional information or material designated by the Court as protected shall be treated as Confidential Information under the terms of this Order.

21. Nothing in this Order shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed

in the course of disclosure.

Dated: Scarsdale, New York
February 20, 2025

|  |  |
|---|---|
| THE BELLANTONI LAW FIRM, PLLC<br>*Attorneys for Plaintiff* | LETITIA JAMES, ATTORNEY GENERAL<br>*Attorneys for Defendant*<br>*Ann Marie T. Sullivan, M.D.* |
| By: *Amy Bellantoni*<br>Amy L. Bellantoni<br>2 Overhill Road, Suite 400<br>Scarsdale, New York 10583<br>(914) 367-0090<br>(888) 763-9761 | By: *Elizabeth Barbanes*<br>Elizabeth Barbanes<br>Assistant Attorney General<br>44 S. Broadway<br>White Plains, NY 12224<br>(914) 422-8765 |

SO ORDERED:

*/s/ Victoria Reznik*

Victoria Reznik, U.S.M.J.

Dated: 2-25-25

## EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Order of Victoria Reznik, United States Magistrate Judge, entered in the United States District Court for the Southern District of New York, dated February __ 2025 in the action entitled *DeFilippis v. Sullivan,* 24-cv-0778 (NSR) (VR) and that he or she understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the litigation of this case, and that he or she will not further disclose the Confidential Information except in testimony provided in this case during deposition or trial.

_____
Printed Name

_____
Signature

_____
Date